# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-227V
**Filed: November 10, 2014**
**(Not to be published)**

```
* * * * * * * * * * * * * * * *
KRYSTYN SNYDER,                    *
                                   *         Ruling on Entitlement; Tdap;
            Petitioner,            *         Brachial Neuritis
                                   *
v.                                 *
                                   *
SECRETARY OF HEALTH                *
AND HUMAN SERVICES,                *
                                   *
            Respondent.            *
                                   *
* * * * * * * * * * * * * * * *
```

Jeffrey A. Golvash, Brennan, Robins & Daley, P.C., Pittsburgh, PA, for petitioner.
Glenn A. MacLeod, United States Department of Justice, Washington, DC, for respondent.

## RULING ON ENTITLEMENT[1]

On March 25, 2014, Krystyn Snyder ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). The petition alleges that as a result of receiving a Tetanus-diptheria-acellular-pertussis ("Tdap") vaccine on December 22, 2012, she developed Brachial Neuritis ("BN"). Petition at ¶¶ 3, 9.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On November 7, 2014, respondent filed her Rule 4(c) Report [Respondent's Report"], in which she concedes that petitioner is entitled to compensation in this case. Respondent's Report at 2. Specifically, respondent concluded, based on the Qualifications and Aids to Interpretation of the Vaccine Injury Table, that BN is an injury on the Vaccine Injury Table for tetanus-containing vaccines and that contemporaneous medical records support that the onset of petitioner's pain fell within the Table's timeframe for a presumed vaccine injury. Id. at 3-4. Respondent agrees that petitioner's symptoms and the EMG study results are consistent with a diagnosis of BN, and that several of petitioner's treating neurologists believed that her BN was most likely caused by the Tdap vaccination. Id. at 4. Accordingly, respondent concedes that petitioner "meets the criteria for a Table injury of BN following a tetanus vaccine." Id.

**In light of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

s/ Thomas L. Gowen
Thomas L. Gowen
Special Master